IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MO-KAN IRON WORKERS PENSION FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| DAVE COLEMAN and DONALD E. GREENWELL, III, TRUSTEES OF THE MO-KAN IRON WORKERS PENSION FUND, | ) ) ) ) ) |
| and | ) ) |
| MO-KAN IRON WORKERS WELFARE FUND, a Trust Fund, | ) ) ) |
| and | ) ) |
| DAVE COLEMAN and DONALD E. GREENWELL, III, TRUSTEES OF THE MO-KAN IRON WORKERS WELFARE FUND, | ) ) ) ) ) |
| and | ) **No.** |
| MO-KAN IRON WORKERS APPRENTICESHIP, TRAINING AND EDUCATION FUND, a Trust Fund, | ) ) ) ) ) |
| and | ) ) |
| DAVE COLEMAN and CALEB MCCANDLESS TRUSTEES OF THE MO-KAN IRON WORKERS APPRENTICESHIP, TRAINING AND EDUCATION FUND, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **BLACKFORD FOUNDATIONS, INC.** [SERVE: United States Corporation Agents, Inc. Registered Agent 4200 University Blvd., Suite 426 West Des Moines, IA 50266] | ) ) ) ) ) ) ) |
| Defendant. | ) |

{00547476;IW23-219;MTH }

# COMPLAINT

## COUNT I

Come now Plaintiffs, Mo-Kan Iron Workers Pension Fund, a Trust Fund, and Dave Coleman and Donald E. Greenwell, III, duly appointed and acting Trustees of the Mo-Kan Iron Workers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Mo-Kan Iron Workers Pension Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under, and jurisdiction is founded on, Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2. Plaintiffs, Dave Coleman and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Mo-Kan Iron Workers Pension Fund; Plaintiff, Mo-Kan Iron Workers Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1003.

3. Said Plaintiff Fund was established on July 1, 1970, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The Trustees of the Pension Fund have established both a Pension Plan and an Annuity Plan pursuant to the Trust Agreement.

5. The situs of the Plaintiff Fund is the City of Kansas City, Missouri.

{00547476;IW23-219;MTH }

6. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

7. Venue is proper in this District under 29 U.S.C. §1132(e)(2) as Plaintiff Fund is administered in the Western District of Missouri and the acts that give rise to the Plaintiffs' claims occurred in the Western District of Missouri.

8. Defendant is an Iowa corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri. Defendant at all times material herein employed Iron Workers performing work covered by the collective bargaining agreements herein mentioned.

9. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

10. Defendant, on or about May 26, 2022, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Builders' Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

11. Iron Worker employees of the Defendant were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which

Defendant agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements and submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

12. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **July 1, 2023,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **July 1, 2023**, to date.

13. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

14. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

15. An audit of Defendant's books and records for the period **May 26, 2022 through June 30, 2023**, shows that Defendant owes Plaintiffs **FIFTEEN THOUSAND, FIVE HUNDRED FORTY-SEVEN AND 25/100 ($15,547.25) DOLLARS** in unpaid Pension Fund contributions, **THREE THOUSAND, ONE HUNDRED NINE AND 45/100 ($3,109.45) DOLLARS** as and for liquidated damages and **NINE HUNDRED FORTY-SEVEN AND 40/100 ($947.40) DOLLARS** as and for interest.

{00547476;IW23-219;MTH }

16. An audit of Defendant's books and records for the period **May 26, 2022 through June 30, 2023** shows that Defendant owes Plaintiffs **FOUR THOUSAND, NINE HUNDRED SIXTY-SIX AND 78/100 ($4,966.78) DOLLARS** in unpaid Annuity Plan contributions, **NINE HUNDRED NINETY-THREE AND 38/100 ($993.38) DOLLARS** as and for liquidated damages and **TWO HUNDRED FIFTY-EIGHT AND 02/100 ($258.02) DOLLARS** as and for interest for the Annuity Plan contributions.

17. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

18. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

19. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

20. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

21. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe

{00547476;IW23-219;MTH }

benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **July 1, 2023,** to date; and

B. For judgment against Defendant in the amount of **FIFTEEN THOUSAND, FIVE HUNDRED FORTY-SEVEN AND 25/100 ($15,547.25) DOLLARS** in unpaid Pension Fund contributions, **THREE THOUSAND, ONE HUNDRED NINE AND 45/100 ($3,109.45) DOLLARS** as and for liquidated damages and **NINE HUNDRED FORTY-SEVEN AND 40/100 ($947.40) DOLLARS** as and for interest due and owing for the period **May 26, 2022 through June 30, 2023**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **July 1, 2023,** to date; and

C. For judgment against Defendant in the amount of **FOUR THOUSAND, NINE HUNDRED SIXTY-SIX AND 78/100 ($4,966.78) DOLLARS** in unpaid Annuity Plan contributions, **NINE HUNDRED NINETY-THREE AND 38/100 ($993.38) DOLLARS** as and for liquidated damages and **TWO HUNDRED FIFTY-EIGHT AND 02/100 ($258.02) DOLLARS** as and for interest due and owing for the period **May 26, 2022 through June 30, 2023**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **July 1, 2023,** to date; and

D. For judgment against Defendant for liquidated damages; and

E. For judgment against Defendant for interest on the unpaid fringe benefit

{00547476;IW23-219;MTH }

contributions and Annuity Plan contributions; and

F. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

G. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

H. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

I. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

J. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of Pension Fund and Annuity Plan contributions to the Plaintiffs; and

K. For judgment against Defendant for costs incurred in this action; and

L. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Mo-Kan Iron Workers Welfare Fund, a Trust Fund, and Dave Coleman and Donald E. Greenwell, III, duly appointed and acting Trustees of the Mo-Kan Iron Workers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and the Trustees of the Mo-Kan Iron Workers Welfare Fund, and, for their cause of action under Count II against Defendant, state:

1. Plaintiffs, Dave Coleman and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Welfare Fund who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Mo-Kan Iron Workers Welfare

{00547476;IW23-219;MTH }

Fund; Plaintiff, Mo-Kan Iron Workers Welfare Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Welfare Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Welfare Fund was established on July 1, 1970, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Welfare Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **May 26, 2022 through June 30, 2023** shows that Defendant owes Plaintiffs **SIXTEEN THOUSAND, ONE HUNDRED FIFTY-FIVE AND 85/100 ($16,155.85) DOLLARS** in unpaid Welfare Fund contributions, **THREE THOUSAND, TWO HUNDRED THIRTY-ONE AND 16/100 ($3,231.16) DOLLARS** as and for liquidated damages and **NINE HUNDRED SEVENTY-NINE AND 57/100 ($979.57) Dollars** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Seventeen (17), Eighteen (18), Nineteen (19), Twenty (20), and Twenty-One (21) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **July 1, 2023,** to date; and

B. For judgment against Defendant in the amount of **SIXTEEN THOUSAND, ONE HUNDRED FIFTY-FIVE AND 85/100 ($16,155.85) DOLLARS** in unpaid Welfare Fund contributions,

{00547476;IW23-219;MTH }

**THREE THOUSAND, TWO HUNDRED THIRTY-ONE AND 16/100 ($3,231.16) DOLLARS** as and for liquidated damages and **NINE HUNDRED SEVENTY-NINE AND 57/100 ($979.57) Dollars** as and for interest due and owing for the period **May 26, 2022 through June 30, 2023**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **July 1, 2023,** to date; and

  C. For judgment against Defendant for liquidated damages; and

  D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

  E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

  F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

  G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

  H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

  I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

  J. For judgment against Defendant for costs incurred in this action; and

  K. For such other relief as the Court may deem appropriate.

{00547476;IW23-219;MTH }

## COUNT III

Come now Plaintiffs, Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, a Trust Fund, and Dave Coleman and Caleb McCandless, duly appointed and acting Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, Dave Coleman and Caleb McCandless, III, are duly appointed and acting Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund; Plaintiff Mo-Kan Iron Workers Apprenticeship, Training and Education Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Training Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

2. Said Plaintiff Training Fund was established on January 1, 1970, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and the International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 10, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Training Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **May 26, 2022 through June 30, 2023** shows that Defendant owes Plaintiffs **ONE THOUSAND, SEVEN HUNDRED TEN AND 48/100 ($1,710.48) DOLLARS** in unpaid Training Fund contributions, **THREE HUNDRED FORTY-TWO AND 10/100 ($342.10) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWO AND 28/100**

{00547476;IW23-219;MTH }

**($102.28) Dollars** as and for interest.

  4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Seventeen (17), Eighteen (18), Nineteen (19), Twenty (20), and Twenty-One (21) of Count I of the within Complaint.

  WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

  A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **July 1, 2023,** to date; and

  B. For judgment against Defendant in the amount of **ONE THOUSAND, SEVEN HUNDRED TEN AND 48/100 ($1,710.48) DOLLARS** in unpaid Training Fund contributions, **THREE HUNDRED FORTY-TWO AND 10/100 ($342.10) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWO AND 28/100 ($102.28) Dollars** as and for interest due and owing for the period **May 26, 2022 through June 30, 2023**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **July 1, 2023,** to date; and

  C. For judgment against Defendant for liquidated damages; and

  D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

  E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

  F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

  G. For an Order requiring Defendant to put up cash deposits in advance of work and/or

to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

      H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

      I.      For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

      J.      For judgment against Defendant for costs incurred in this action; and

      K.      For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, No. 48442

*/s/ Melika T. Harris*
Melika T. Harris, No. 65952
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
FAX: 816-471-5574
*Attorneys for Plaintiffs*